■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY CORREA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 10, 1976, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion granted and indictment dismissed. In the absence of proof at the suppression hearing that the arresting officer had probable cause to search or arrest the defendant, or, at least, reasonable suspicion upon which to predicate his detention (see CPL 140.50), the motion to suppress the weapon should have been granted (see *People v Stewart,* 41 NY2d 65; *People v De Bour,* 40 NY2d 210; *People v Blanks,* 35 NY2d 942; cf. *People v Moore,*

32 NY2d 67). Cohalan, Damiani and Hawkins, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the judgment with the following memorandum: The issue is whether there was sufficient predicate for the search of the defendant's bag by the police, whereby a concealed rifle was exposed. The presence and description of the defendant were disclosed to the police by an anonymous telephone caller, informing them that a man dressed in a red shirt and blue dungarees, and carrying a green bag containing a shotgun, was at the corner of Central and Greene Avenues in Brooklyn. The defendant, wearing a red shirt and blue dungarees, and carrying a green bag, was found near the corner of Central and Harmon Avenues. When accosted by the police, he said he had clothes in the bag. The arresting officer asked permission to have the bag; the defendant answered "sure" and extended the bag to the officer. The officer felt "something hard", like a rifle, and opening the bag, discovered the rifle. We must take into account, in examining the basis for the search, both the existence of probable cause and the intensity of the police action (see *People v Stewart,* 41 NY2d 65, 66). In this case the defendant fitted exactly the description. Even though there may have been several individuals in the vicinity of the location referred to who were clothed in a red shirt and blue dungarees, the combination of that costume worn by a man carrying a green bag at that location was unique. Moreover, the intrusion of the officer into the privacy of the defendant was minimal. The officer asked merely that he be permitted to have the bag, and having found a hard object in the bag which felt like a rifle, the officer was entitled to open the bag. For these reasons, I conclude that probable cause existed for the police action, and that the action was not intrusive under the circumstances present (see *People v Stewart,* 41 NY2d 65, 69–70, *supra).*